HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **JUSTIN HAMILTON,** individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>**T-MOBILE USA, INC.**<br><br>Defendant. | Case No. 2:26-cv-01833-KKE<br><br>**FIRST AMENDED COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Justin Hamilton, individually and on behalf of all others similarly situated (hereinafter, "Plaintiff"), by and through his attorneys, hereby brings this Collective Action Complaint against Defendant T-Mobile USA, Inc. ("Defendant"), and states as follows:

## INTRODUCTION

1. This is a collective action that arises out of Defendant's systemic failure to compensate its employees for all hours worked, including overtime hours worked at the appropriate overtime rate, in willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Plaintiff and the putative collective members consist of current and former dedicated experts, customer resolution experts, customer service representatives, or similar



BRYSON HARRIS SUCIU DEMAY
16212 REITAN ROAD NE
BAINBRIDGE ISLAND, WA 98110
(984) 257-5987

positions ("Representatives"), who were compensated on an hourly basis. Throughout the relevant period, Defendant maintained a corporate policy and practice of failing to compensate its Representatives for all pre-shift off-the-clock work.

3. Regardless of the specific job title, all Representatives: (1) are paid on an hourly basis; (2) are classified as non-exempt employees; (3) use the same timekeeping system(s); (4) use many (if not all) of the same computer programs; (5) are subject to the same relevant timekeeping and attendance policies; and (6) have the primary job duty of providing assistance to Defendant's customers.

4. Defendant required its Representatives to begin work prior to their scheduled shifts and perform a number of off-the-clock tasks that were integral and indispensable to their jobs, including booting up computers, logging into numerous software programs, and logging into phones. The Representatives only "clocked in" and received compensation *after* this preliminary work was completed, though they were required to perform this work to be "phone ready" when their scheduled shifts began.

5. A Representative's failure to be "phone ready" when the scheduled shift began (or when the shift resumed after meal periods), would result in poor schedule adherence scores, poor performance evaluations, warnings, discipline, and possibly termination.

6. The Representatives routinely worked 40 hours or more per week before accounting for their off-the-clock work. When the off-the-clock work is included, the Representatives, even those Representatives who were scheduled and paid for only 40 hours per week, worked over 40 hours per week without the required overtime premium for all time worked over 40 hours.

7. Defendant, through its managers, had actual and constructive knowledge that its Representatives were completing this off-the-clock work without compensation. Nevertheless,



BRYSON HARRIS SUCIU DEMAY
16212 REITAN ROAD NE
BAINBRIDGE ISLAND, WA 98110
(984) 257-5987

Defendant suffered or permitted, and in fact trained and required, its Representatives to complete this unpaid work.

8. The U.S. Department of Labor recognizes that call center jobs, like those held by Defendant's Representatives, are homogenous and it issued Fact Sheet #64 in July 2008 to alert call center employees to some of the abuses which are prevalent in the industry. One of those abuses, which is occurring in this case, is Defendant's refusal to pay for work "from the beginning of the first principal activity of the workday to the end of the last principal activity of the workday." *See* DOL Fact Sheet #64: Call Centers under the Fair Labor Standards, (July 2008) *https://www.dol.gov/agencies/whd/fact-sheets/64-flsa-call-centers*.

9. The Department of Labor's Fact Sheet #64 specifically condemns an employer's non-payment of an employee's necessary pre-shift activities: "An example of the first principal activity of the day for agents/specialists/representatives working in call centers includes starting the computer to download work instructions, computer applications, and work-related emails." *Id*. Additionally, the FLSA requires that "[a] daily or weekly record of all hours worked, including time spent in pre-shift and post-shift job-related activities must be kept." *Id*.

10. Defendant's practice of failing to compensate its Representatives for all hours worked violated the Representatives' rights under the FLSA.

11. Defendant is liable for its failure to pay its Representatives for all work performed, and at the appropriate overtime rate for hours worked in excess of forty (40) per week.

12. Representatives who elect to participate in this FLSA collective action seek compensation for all off-the-clock pre- and post-shift work performed for Defendant, an equal amount for liquidated damages, prejudgment interest, and attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).



BRYSON HARRIS SUCIU DEMAY
16212 REITAN ROAD NE
BAINBRIDGE ISLAND, WA 98110
(984) 257-5987

**JURISDICTION AND VENUE**

13. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

14. Additionally, this Court has personal jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

15. Defendant's annual sales exceed $500,000, and Defendant has more than two employees; thus, the FLSA applies in this case on an enterprise basis. Defendant's employees, including Plaintiff and the Representatives, engage in interstate commerce or in the production of goods for commerce; therefore, they are also covered by the FLSA on an individual basis.

16. The Court has personal jurisdiction over Defendant because Defendant conducts business within the Western District of Washington and maintains a principal place of business in the Western District of Washington.

17. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. §1391 (b) and (c) because the Defendant conducts business in this District, and a substantial portion of the events that give rise to the Plaintiff's claims occurred in this District.

18. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

**PARTIES**

19. Plaintiff Justin Hamilton is a resident of Birmingham, Alabama. Plaintiff worked for Defendant as a Customer Resolution Expert from approximately October 2016 to March 2024 in Defendant's Birmingham, Alabama office.



BRYSON HARRIS SUCIU DEMAY
16212 REITAN ROAD NE
BAINBRIDGE ISLAND, WA 98110
(984) 257-5987

20. Defendant compensated Plaintiff for his services as a Customer Resolution Expert in the form of an hourly wage, most recently at the rate of $23.76 per hour. Plaintiff signed a consent form to join this collective action lawsuit. ***Exhibit A***.

21. Additional putative Collective members were or are employed by Defendant as Representatives during the past three years and their consent forms will also be filed in this case.

22. Defendant is a nationwide telecommunications company that provides wireless services to its customers.

23. Defendant is a limited liability company organized under the State of Delaware with their corporate headquarters located at 12920 SE 38th Street, Bellevue, WA 98006.

24. Defendant's registered agent is Corporation Service Company located at 300 Deschutes Way SW, Suite 208, Tumwater, WA 98501.

25. Upon information and belief, Defendant employed hundreds of Representatives – including Plaintiff – within the past three years and across the United States to assist their customers with their customer service needs.

## GENERAL ALLEGATIONS

26. Throughout their employment with Defendant, Plaintiff and other Representatives were required to work substantial amounts of uncompensated, off-the-clock time as part of their job duties.

27. Defendant employs hundreds of Representatives, providing customer service and support to Defendant's customers throughout the United States.

28. Defendant has employed hundreds of Representatives over the past three years to handle customer phone calls concerning various issues.



BRYSON HARRIS SUCIU DEMAY
16212 REITAN ROAD NE
BAINBRIDGE ISLAND, WA 98110
(984) 257-5987

29. Defendant compensated its Representatives on an hourly basis and classified them as non-exempt employees under the FLSA.

30. Upon information and belief, Defendant maintains documents that demonstrate the promised hourly wage for each Representative, including but not limited to: offer letters, paystubs, and/or other payroll records.

31. Defendant's Representative positions typically have schedules that require employees to work at least eight (8) hours per day, on average five (5) days each week, and forty (40) hours or more in a workweek. If Defendant's Representatives strictly adhere to Defendant's baseline forty (40) hour schedule, the Representative schedule results in Representatives working overtime on a weekly basis.

32. Throughout their employment with Defendant, Plaintiff and the other Representatives' job duties included fielding inbound calls and other communications, and performing a wide range of support services to those callers with questions.

33. Once hired, Defendant provided all Representatives with training on, *inter alia*, how to carry out their day-to-day job duties, including how to load and log into their computer programs at the beginning of the day, and how to log out at the end of the day; how to track their time; the importance of attendance and schedule expectations; and Defendant's policies related to each topic. The training Defendant's Representatives receive is substantially, if not entirely, the same and all Representatives are subject to the same disciplinary policies.

34. Plaintiff and other similarly situated Representatives are instructed to be "phone ready" the moment their scheduled shift starts. This requires Defendant's Representatives to be logged in and have loaded their essential work-related computer programs and applications at the start of their shift so they can be prepared to take calls the moment their shift begins. A



BRYSON HARRIS SUCIU DEMAY
16212 REITAN ROAD NE
BAINBRIDGE ISLAND, WA 98110
(984) 257-5987

Representative's failure to be "phone ready" could result in poor performance evaluations, warnings, discipline, and possibly termination. Thus, Defendant forces its Representatives to perform the boot-up and login process before clocking into Defendant's timekeeping system.

35. All of Defendant's Representatives use the same or similar computer networks, software, programs, and applications in the course of performing their job responsibilities. These programs and applications are an integral and indispensable part of the Representative's work, and they cannot perform their jobs without them.

36. Once training is completed and to perform their job duties, Plaintiff and all other Representatives are required to boot up and log into various computer networks, software programs and applications, in order to access information necessary to perform their job functions. However, Plaintiff and all other Representatives are instructed to not actually "clock in" for their shifts until after the computer boot-up and login process is complete or nearly complete.

37. The pre-shift off-the-clock time Plaintiff and all other Representatives spend booting up, logging in, and logging off their computers directly benefits Defendant and is integral and indispensable to the Representative's job responsibilities.

38. Despite knowing Plaintiff and all other Representatives perform this pre-shift work, Defendant and its managers failed to make any effort to stop or disallow it and instead suffered and permitted it to happen.

39. Defendant possesses, controls, and/or has access to information and electronic data indicating the times Plaintiff and all other Representatives boot up and log into their computers each day, along with the time they log into their telephone systems.

40. Because Defendant required its Representatives to perform pre-shift work off-the-clock, the hours tracked in Defendant's timekeeping system are inaccurate representations of the



BRYSON HARRIS SUCIU DEMAY
16212 REITAN ROAD NE
BAINBRIDGE ISLAND, WA 98110
(984) 257-5987

total amount of time Representatives spend working for Defendant. Thus, the hours reflected on the Representatives' paystubs are also inaccurate representations of the hours they worked.

41. Plaintiff and similarly situated Representatives regularly worked overtime and non-overtime hours for which they were not paid.

**A. <u>Pre-Shift Off-the-Clock Work</u>**

42. Defendant maintained detailed attendance and schedule adherence policies and used them to evaluate its Representatives' job performance.

43. Defendant used its attendance/schedule adherence policies to require its Representatives to arrive early and work off-the-clock so they can be "phone ready" at the start of their shifts.

44. Throughout their employment with Defendant, Plaintiff and other Representatives were pressured to work substantial amounts of uncompensated, off-the-clock time as part of their job duties.

45. Before each shift, Representatives were required to undertake essential work tasks, which generally consisted of the following steps: turn on or wake up their computer; log into Microsoft Windows with a username and password; and open various programs and applications that were integral and indispensable to their job duties as Representatives, including but not limited to, the "T" system, Samson, and Salesforce.

46. Only once all applications were open and loaded, could Plaintiff and the Representatives clock in.

47. The boot-up and login process described above took substantial time on a daily basis, ranging from ten to fifteen minutes per shift, or more, depending on how fast/slow the computers and programs were operating.



BRYSON HARRIS SUCIU DEMAY
16212 REITAN ROAD NE
BAINBRIDGE ISLAND, WA 98110
(984) 257-5987

48. Representatives were required to complete each of these tasks prior to clocking in as Representatives could not be "phone ready" until these tasks were complete.

49. If Representatives arrived immediately prior to their scheduled shifts, they were in danger of clocking in late if they could not complete the required pre-shift work necessary to be "phone ready" when their scheduled shifts began, and they would therefore receive a tardy on their records and poor schedule adherence scores.

50. Because Defendant's Representatives typically worked scheduled shifts of at least forty (40) hours per week, their required pre-shift work was nearly always overtime work, compensable at 1.5 times their regular rate of pay.

51. Defendant had express and constructive knowledge that its Representatives began the pre-shift boot-up and login process while off-the-clock to make sure they were "phone ready" and "clocked in" on time.

52. Defendant's Representatives are not compensated for any of this time because Defendant prohibits Representatives from clocking into their timekeeping software before the start of their scheduled shift.

53. The pre-shift off-the-clock work performed by Representatives directly benefits Defendant and is integral and indispensable to their job duties and responsibilities as Representatives.

**B. <u>Defendant Benefitted from the Uncompensated Off-the-Clock Work</u>**

54. At all relevant times, Defendant has required and directly benefited from the off-the-clock work performed by Plaintiff and all other Representatives in connection with the pre-shift activities described above.



BRYSON HARRIS SUCIU DEMAY
16212 REITAN ROAD NE
BAINBRIDGE ISLAND, WA 98110
(984) 257-5987

55. At all relevant times, Defendant has controlled the work schedules, duties, protocols, applications, assignments, and employment conditions of Plaintiff and all other Representatives.

56. At all relevant times, Defendant was able to track the amount of time Plaintiff and all other Representatives spend in connection with pre-shift activities; however, Defendant failed to do so and failed to compensate Plaintiff and all other Representatives for the off-the-clock work they performed.

57. At all relevant times Plaintiff and all other Representatives were non-exempt hourly employees, subject to the requirements of the FLSA.

58. At all relevant times, Defendant used its attendance and adherence policies against Plaintiff and the other Representatives in order to pressure them into performing pre-shift work off-the-clock.

59. Defendant expressly trained and instructed Plaintiff and all other Representatives to perform these off-the-clock work activities when they were not "clocked in" to Defendant's timekeeping system.

60. At all relevant times, Defendant's policies and practices deprived Plaintiff and the Representatives of wages owed for off-the-clock pre-shift activities they performed. Because Defendant's Representatives typically worked forty (40) hours or more in a workweek, Defendant's policies and practices also deprived them of overtime pay.

61. Defendant is in possession of the payroll and timekeeping records that will illustrate exactly which weeks Plaintiff worked over 40 hours and exactly which weeks they worked under 40 hours.



BRYSON HARRIS SUCIU DEMAY
16212 REITAN ROAD NE
BAINBRIDGE ISLAND, WA 98110
(984) 257-5987

62. Defendant knew or should have known that the time spent by Plaintiff and other Representatives in connection with the off-the-clock pre-shift activities is compensable under the law. Indeed, in light of the explicit DOL guidance cited above, there is no conceivable way for Defendant to establish that they acted in good faith.

63. Despite knowing Representatives performed off-the-clock work before their shifts, Defendant failed to make any effort to stop or disallow the off-the-clock work and instead suffered and permitted it to happen.

64. Unpaid wages related to the off-the-clock work described herein are owed to Plaintiff at the FLSA mandated overtime premium of one and one-half the Plaintiff's regular hourly rate because Plaintiff worked in excess of forty (40) hours in a workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

65. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of himself and on behalf of:

> ***All current and former hourly dedicated experts, customer resolution experts, customer service representatives, or similar positions who worked for Defendant at any time during the past three years and who did not sign arbitration agreements.***

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition if necessary.

66. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

67. Consistent with Defendant's policy and pattern or practice, Plaintiff and the members of the FLSA Collective are not paid the full premium overtime compensation they are due when they work beyond forty (40) hours in a workweek and are not paid any overtime in



BRYSON HARRIS SUCIU DEMAY
16212 REITAN ROAD NE
BAINBRIDGE ISLAND, WA 98110
(984) 257-5987

workweeks where their time cards reflect that they work slightly less than forty (40) hours, such as thirty-eight (38) to forty (40) hours, but actually work in excess of forty (40) hours, for which they are due both overtime gap time and overtime.

68. Defendant assigns and/or is aware of all of the work that Plaintiff and the members of the FLSA Collective perform.

69. Upon information and belief, Defendant utilizes a centralized payroll system which calculates overtime pay for all similarly situated employees in the same or similar manner.

70. As part of its regular business practices, Defendant intentionally, willfully, and repeatedly engages in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

a. Willfully failing to pay its employees, including Plaintiff and the members of the FLSA Collective, premium overtime wages for hours worked in excess of 40 hours per workweek;

b. Willfully failing to pay overtime gap time for those unpaid hours under 40 associated with unpaid overtime;

c. Willfully failing to record all of the time that their employees, including Plaintiff and the members of the FLSA Collective, worked for the benefit of Defendant; and

d. Willfully failing to pay its employees, including Plaintiff and the members of the FLSA Collective, for off-the-clock work, including the pre-shift boot-up process.

71. Defendant is aware or should be aware that federal law required them to pay Plaintiff and the members of the FLSA Collective overtime premiums (computed at their regular rate of pay) for hours worked in excess of 40 per workweek.

72. Defendant's unlawful conduct has been and continues to be widespread, repeated, and consistent.



BRYSON HARRIS SUCIU DEMAY
16212 REITAN ROAD NE
BAINBRIDGE ISLAND, WA 98110
(984) 257-5987

73. A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff bring this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d) their claims are based upon the same factual and legal theories.

74. The employment relationships between Defendant and every proposed FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issue – the amount of uncompensated pre-shift off-the-clock work – does not vary substantially among the proposed FLSA Collective members.

75. There are many similarly situated current and former Representatives who have been underpaid in violation of the FLSA. They would benefit from the issuance of a court-authorized notice of this lawsuit and the opportunity to join.

76. Plaintiff estimates the FLSA Collective, including both current and former Representatives over the relevant time period, includes hundreds of members. The precise number should be readily available from a review of Defendant's personnel and payroll records.

77. All of the estimations discussed herein will be refined after collective discovery is completed.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.* – FAILURE TO PAY OVERTIME

78. Plaintiff re-alleges and incorporates all previous paragraphs herein.

79. At all times relevant to this action, Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq.*



BRYSON HARRIS SUCIU DEMAY
16212 REITAN ROAD NE
BAINBRIDGE ISLAND, WA 98110
(984) 257-5987

80. Defendant is engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

81. At all times relevant to this action, Plaintiff and the proposed Collective members were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

82. Plaintiff and the proposed Collective members, by virtue of their job duties and activities actually performed, are all non-exempt employees and were classified as such.

83. Plaintiff and the proposed Collective members were either: (1) engaged in commerce; (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

84. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and proposed Collective members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

85. At all times relevant to this action, Defendant required Plaintiff and the proposed Collective members to regularly perform 10 to 15 minutes or more of pre-shift computer boot-up and login time, but failed to pay these employees the federally mandated overtime compensation for all services performed.

86. All of the off-the-clock work performed by Plaintiff and the proposed Collective members could have easily been tracked and recorded by Defendant, but was not.

87. In the aggregate, the amount of Plaintiff's and the proposed Collective members' uncompensated time amounted to hours of uncompensated time per week and, over the three-year statutory period, was not *de minimis*.



BRYSON HARRIS SUCIU DEMAY
16212 REITAN ROAD NE
BAINBRIDGE ISLAND, WA 98110
(984) 257-5987

88. In workweeks where Plaintiff and the proposed Collective members worked forty (40) hours or more, the uncompensated pre-shift off-the-clock work should have been paid at the federally mandated rate of 1.5 times each employee's regularly rate of pay. 29 U.S.C. § 207.

89. Defendant's violations of the FLSA were knowing and willful. Defendant knew or could have easily determined how much time Representatives spent working off-the-clock to complete pre- and post-shift activities, and Defendant could have properly compensated Plaintiff and the proposed Collective members for the boot-up and login work they performed, but did not.

90. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, Plaintiff and the proposed Collective members are entitled to their unpaid overtime, plus an additional equal amount in liquidated (double) damages, plus costs and reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Justin Hamilton, on behalf of himself and on behalf of all others similarly situated, requests judgment as follows:

a. Conditionally certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

b. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, email addresses, and phone numbers of all proposed Collective members, and permitting Plaintiff to send notice of this action to all those individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the Collective members of their rights by law to join and participate in this lawsuit;

c. Designating Plaintiff as the Representative of the FLSA Collective action, and undersigned counsel as Collective counsel for the same;

d. Declaring Defendant violated the FLSA and the Department of Labor's attendant regulations as cited herein;

e. Declaring Defendant's violations of the FLSA were willful;

f. Granting judgment in favor of Plaintiff and the proposed Collective members as against Defendant and awarding Plaintiff and the proposed Collective members the full amount of damages and liquidated damages available by law;



BRYSON HARRIS SUCIU DEMAY
16212 REITAN ROAD NE
BAINBRIDGE ISLAND, WA 98110
(984) 257-5987

g. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute; and

h. Awarding such other and further relief as this Court deems appropriate.

**JURY DEMAND**

Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated: October 21, 2026

Respectfully Submitted,

*/s/ Andrew Lemmon*________
Andrew Lemmon
**BRYSON HARRIS SUCIU DEMAY**
16212 Reitan Road NE
Bainbridge Island, Washington 98110
Telephone: (984) 257-5987
Email: alemmon@brysonpllc.com

Kevin J. Stoops, Esq. *(pro hac vice)*
**SOMMERS SCHWARTZ, P.C.**
One Towne Square, 17th Floor
Southfield, Michigan 48076
Telephone: (248) 355-0300
Email: kstoops@sommerspc.com

*Attorneys for Plaintiff and the putative FLSA Collective*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filings to all attorneys of record.

*/s/ Andrew Lemmon*______________
Andrew Lemmon



BRYSON HARRIS SUCIU DEMAY
16212 REITAN ROAD NE
BAINBRIDGE ISLAND, WA 98110
(984) 257-5987